THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA

Case No. 1:23-cv-23959-JEM

OTTO ARCHIVE,
LLC,

      Plaintiff,

v.

HAUTE RESIDENCES LLC,
and HAUTE LIVING INC.,

      Defendants.

_____

**DEFENDANTS, HAUTE LIVING RESIDENCE LLC AND HAUTE LIVING INC.'S,
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

      Defendants, HAUTE RESIDENCES LLC and HAUTE LIVING INC. (the "**Defendants**"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss Plaintiff, OTTO ARCHIVE, LLC's ("**Otto Archive**" or "**Plaintiff**") Complaint. In support thereof, Defendants state as follows:

<u>**INTRODUCTION**</u>

      On October 17, 2023, Plaintiff brought a one-count complaint for copyright infringement as the licensing agent for three unrelated photographers, claiming that Defendants infringed each of the photographers' rights in three different photographs. Plaintiff made bare and conclusory allegations asserting standing to sue on behalf of each of the photographers and claims of copyright infringement which are time-barred. Following Defendants' Motion to Dismiss, Plaintiff filed an

1

Amended Complaint attempting to remedy the shortcomings of its initial filing. However, this effort is fundamentally flawed, as the crux of Plaintiff's Amended Complaint rests on an untenable legal basis: alleging copyright infringement of photographic works prior to their creation.

Copyright law is explicit in its requirement that protection is only granted to works that have been created and fixed in a tangible medium of expression. The claim of infringement as to two of the three photographs is chronologically implausible, because the alleged infringing acts are claimed to have occurred before the existence of the photographs themselves. This chronological impossibility undermines the possibility of infringement since copyright law does not and cannot extend retroactively to protect works not yet created at the time of the alleged infringement. This renders Plaintiff's claim as to two of the three photographs legally untenable and thus necessitates dismissal. In addition, Plaintiff's claim for copyright infringement is nevertheless time-barred, based on the allegations appearing on the face of the pleading, and should likewise be dismissed. Finally, just like Plaintiff's original complaint, Plaintiff's conclusory allegations of standing in the Amended Complaint are insufficient to maintain the present action. For all of these reasons, Plaintiff's Amended Complaint should be dismissed.

## STANDARD OF REVIEW

A complaint should be dismissed where the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts ...." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir.2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging*

*Regulatory Ag. Proc.*, 412 U.S. 669, 688, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)).”[F]actual allegations must be enough to raise a right to relief above the speculative level” *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed.2004)). “A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim.” *Marsh*, 268 F.3d at 1022.

## PLAINTIFF'S AMENDED COMPLAINT

On January 2, 2024, Plaintiff filed its Amended Complaint, again alleging copyright infringement for the same three photographs (collectively the “**Work**”) taken by the same three photographers. [ECF No. 14]. Plaintiff alleges that Defendants published the three photographs comprising the Work on their website(s) in July 2012. *Id.* at ¶ 33. However, Plaintiff claims the photographs comprising the Work were created in 2010, 2013 and 2016. Specifically, Plaintiff claims the first photograph was created in 2010 (“**Photograph One**”), the second photograph was created in 2016 (“**Photograph Two**”), and the third photograph was created in 2013 (“**Photograph Three**”). *See id.* at ¶¶ 13, 19, 25. Plaintiff claims that Defendants have infringed Plaintiff's exclusive licensing rights in the Works. *Id.* at ¶ 60. Further, Plaintiff claims to have discovered the infringing use on October 21, 2020, November 19, 2020, and November 16, 2020, respectively. *Id.* at ¶ 47. Plaintiff seeks declaratory relief, monetary damages, and permanent injunctive relief. [

## ARGUMENT

### I.      Plaintiff's Claim of Copyright Infringement Is Chronologically Impossible

Plaintiff's claim of copyright infringement with respect to Photograph Two and Photograph Three is chronologically impossible. Two of the photographs, which are central to Plaintiff's

copyright infringement claim, were created after the alleged infringement date. It is a fundamental principle of copyright law that copyright protection is only applicable to works that have been created and fixed in a tangible medium of expression at the time of the alleged infringement. In accordance with *Twombly*, a complaint should be dismissed when it fails to state a claim that is plausible on its face. This standard requires factual allegations sufficient to raise a right to relief above the speculative level. Similarly, as stated in *Marsh*, pleadings must be more than an academic exercise in the conceivable and a complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. Accordingly, Plaintiff's claim, asserting copyright infringement prior to the creation of the photographs, is legally and factually implausible. It fails to meet the *Twombly* standard of raising the right to relief above a speculative level and the chronological discrepancies make it clear that the Amended Complaint does not present a plausible claim for relief, as required by *Twombly*.

The facts as pled are not only implausible but also, on their face, demonstrate that an affirmative defense (impossibility of infringement before creation of the work) bars recovery on the claim. Plaintiff's allegations are therefore inherently flawed as they assert that Defendants infringed upon the copyright before the photographs were created. This creates a legal impossibility, as the copyrights for these photographs did not exist at the time of the alleged infringement in July 2012.

Given the clear chronological discrepancy, Plaintiff's claim against Defendants as to Photograph Two and Photograph Three is baseless and unfounded, and Plaintiff's claim for copyright infringement based on these photographs must be dismissed with prejudice, for failure to state a claim upon which relief can be granted.

## II. Plaintiff Lacks Standing to Maintain an Action on Behalf of the Photographers for Copyright Infringement.

To maintain an action against Defendants for copyright infringement, Plaintiff must meet the standing requirements of the Copyright Act: "Only the legal or beneficial owner of an exclusive right has standing to bring a copyright infringement action" under the Copyright Act. *Saregama India Ltd. v. Mosley*, 625 F.3d 1284 (11th Cir. 2011) (emphasis added); 17 U.S.C. § 501(b). "The legal or beneficial owner of an exclusive right under copyright is entitled . . . to institute an action for any infringement . . . committed while he or she is the owner of it." 17 U.S.C. § 501(b); *see also Prof'l LED Lighting, Ltd v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1369 (S.D. Fla. 2015).

The language of the agreement between the photographers and the agency determines whether the agency has a beneficial ownership interest in photographers' rights. *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 414 (2d Cir. 2018). In *Wiley*, the court found the Copyright Act does not permit a plaintiff assignee to bring a claim for infringement without also having or having had a legal or beneficial ownership in some exclusive rights. Standing to sue is material to Plaintiff's claim because Article III of the Constitution requires a litigant to have "standing" to invoke the power of a federal court. *Allen v. Wright*, 468 U.S. 737, 750 (1984).

In the present case, Plaintiff has alleged that each of the three photographers have owned the three photographs at all times. (Amended Complaint, ¶¶ 15, 21, 27). Plaintiff claims to be a distribution network representing photographers all over the world, and maintains a website which identifies photographers that it represents, and invites prospective customers to contact Plaintiff to arrange for licensing. (Amended Complaint, ¶¶7, 10). Plaintiff claims that it has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work and "[a]s such is entitled to institute and maintain this action for copyright infringement." (Amended Complaint, ¶ 29). Plaintiff's assertion of sufficiency, without more, is not adequate to confer standing to bring the instant claim. Notably Plaintiff **still** has not alleged **when** it acquired

5

such sufficient rights and *still* fails to attach the agreement(s) which conveys such rights and sets forth the scope of such rights. Defendants previously raised this issue as a basis for dismissal in its Motion to Dismiss Plaintiff's Complaint [ECF No. 10 at 3], but Plaintiff has not cured this defect. In addition, because the Copyright Act specifies that the infringement must have "been committed while" a claimant was "the owner" of the exclusive right, "[t]he copyright owner must have such status at the time of the alleged infringement to have standing to sue." *See Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308 (S.D. Fla. 2016). Likewise, Plaintiff has failed to allege that it obtained the necessary rights to sue for copyright infringement at the time of the alleged infringement – in July 2012.

Accordingly, Plaintiff's Amended Complaint for copyright infringement should be dismissed with prejudice for lack of standing to maintain the present action for alleged copyright infringement of the Works.

**III.    Plaintiff's Alleged Claims of Copyright Infringement Accrued More Than Three Years Before Filing the Complaint and are Time-Barred.**

Under the Copyright Act, a civil copyright action must be brought within three years after the claim accrued. 17 U.S.C. § 507. The time period runs from the day that a claim "accrues." *Nealy v. Warner Chappell Music, Inc*., 60 F.4th 1325, 1330 (11th Cir. 2023). There are two recognized rules for determining that date: the discovery rule and the injury rule. *Id*. Under the discovery rule, a claim "accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his" rights. *Id*. (citing *Webster v. Dean Guitars*, 955 F.3d 1270, 1276). Those kind of claims can only accrue one time. *Id*. Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it. *Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663, 670 (2014). The Eleventh Circuit has found the discovery rule applies when the gravamen of a

copyright infringement claim is an ownership dispute. *Nealy*, 60 F.4th at1330. Alternatively, when not an ownership dispute, the injury rule applies. *See Id.*

In the present case, ownership of the Works is not at issue. Therefore, the relevant rule to apply is the injury rule. The injury rule requires that Plaintiff's claim for copyright infringement, (assuming Plaintiff has standing), be filed within three years of the alleged infringement even if a plaintiff is not aware of the injury. *Petrella* at 670. As stated supra, Plaintiff has alleged Defendants infringed upon the Works in July of 2012**.** Therefore, claims based upon infringement of the Works were required to have been brought by or before July of 2015. At minimum, Plaintiff was eight years too late before asserting the present claims on October 17, 2023, which are now time barred.

While the discovery rule is not applicable, assuming arguendo, Plaintiff's claim that the infringement was not discovered until 2020 represents an unreasonable and excessively long period of time to discover the alleged infringement. Plaintiff's Amended Complaint attempts to explain away the excess delay by detailed the tortuous process for detecting infringement, the extensive scope of its portfolio, and the insufficiency of its staff to effectively manage this portfolio. *See* Amended Complaint, ⁋⁋ 40-47. Plaintiff also states, "[f]or all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work." *See id.* at ⁋ 29.  The dates of creation of the Work are highly relevant to this action, and those dates are over a decade ago. Additionally, Plaintiff concedes that it did not start using methods to detect infringement, like the reverse-image search service ImageRights, until 2017, which is seven years after the creation of Photograph One. (Amended Complaint at ⁋ 41(a)). Moreover, despite having amassed a large portfolio of works, Plaintiff has chosen to employ only three staff members. It is unreasonable for Plaintiff to seek

leniency from the Court due to its own insufficient business model. The late discovery of infringement is evidently a risk Plaintiff has chosen to accept, and the consequences of this risk should solely rest with Plaintiff. Therefore, under either rule, the three year statute of limitations bars Plaintiff's claims for copyright infringement and Plaintiff's Amended Complaint should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendants HAUTE RESIDENCES LLC, and HAUTE LIVING INC., respectfully request that this Court dismiss Plaintiff, OTTO ARCHIVE LLC's, Amended Complaint with prejudice, and for any further relief this Court deems just and proper.

Respectfully submitted,

Dated:  January 16, 2024.

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: */s/ Terri Ellen Tuchman Meyers*
**Terri Ellen Tuchman Meyers, Esq.**
Florida Bar No. 881279
tmeyers@klugerkaplan.com
**Danella C. Williams, Esq.**
Florida Bar No. 1002672
dwilliams@klugerkaplan.com
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000