IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23959-JEM

OTTO ARCHIVE, LLC,

    Plaintiff,

v.

HAUTE RESIDENCE LLC, and
HAUTE LIVING INC.,

    Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Otto Archive, LLC ("Plaintiff") hereby files this memorandum in opposition to defendants Haute Residence LLC, and Haute Living Inc.'s (collectively, the "Defendants") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [D.E. 17].

## INTRODUCTION

Plaintiff filed this lawsuit asserting one claim for copyright infringement with respect to Defendants' publication/display of three of Plaintiff's photographs (collectively, the "Work"). Plaintiff alleges that Defendants published/displayed the Work on its website in 2012, 2014, and 2016 without Plaintiff's permission/authorization. The Motion primarily seeks dismissal on the basis that (1) Plaintiff's claim is chronologically impossible with respect to Photograph Two and Photograph Three, (2) Plaintiff's claim is time-barred, and (3) Plaintiff does not have standing. Defendant's assertions are baseless and improper. Accepting Plaintiff's allegations as true (as the Court must do at the motion to dismiss stage), Defendants' arguments for dismissal fail.[1]

---

[1] As explained herein, however, Plaintiff has agreed to withdraw its claim for copyright infringement with regard to the Second Photograph.

**BACKGROUND**

1.	Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

2.	Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing.

3.	This lawsuit concerns three (3) photographs that were created by photographers (William Waldron, Scott Frances, and Roger Davies) for which Plaintiff serves as the exclusive licensing agent.

4.	All three (3) photographs were published/displayed on Defendants' website(s), and the Complaint alleges that such was unauthorized and constitutes copyright infringement.

**ARGUMENT**

I.	**Legal Standard**

"For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to it."  Martorella v. Deutsche Bank Nat. Trust Co., 931 F. Supp. 2d 1218, 1221 (S.D. Fla. 2013).  "When conducting this analysis, the Court may examine only the four corners of the complaint."  EEOC v. Darden Rests., Inc., 143 F. Supp. 3d 1274, 1278 (S.D. Fla. 2015) (citing St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).  Under Rule 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  A

complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 555 U.S. 662 (2009). A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

## II. Chronological Impossibility

The Motion first asserts that Plaintiff's copyright infringement claim with respect to the Second Photograph[2] and Third Photograph is chronologically impossible because the Complaint alleges the two photographs were created after the alleged infringement date.

Given the Motion's assertions, Plaintiff re-examined the Second Photograph and determined that the photograph posted on Defendant's website – albeit strikingly similar – is a different photograph altogether. Upon such discovery, Plaintiff sought Defendants' consent to file a Second Amended Complaint in order to withdraw the claim for copyright infringement with respect to the Second Photograph. Defendants, however, refused to consent to the amendment. Because the photographs are not the same, Plaintiff is not pursuing any claim for infringement of the Second Photograph.

Defendants' confusion with respect to the Third Photograph stems from a harmless scrivener's error. Here, the First Amended Complaint alleges, "*[i]n July 2012* (prior to Plaintiff's above-referenced copyright registration of the Work), Defendants published the Work on their website(s)."[3] Because ¶ 25 of the First Amended Complaint alleges that the Third Photograph was created in 2013, Defendants assert the claim is chronologically impossible. The discrepancy is

---

[2] Terms not defined herein shall have the meaning ascribed to them in the Complaint.
[3] See First Amended Complaint, at ¶ 33 (emphasis added).

easily explained as the foregoing sentence should have started with the word 'beginning,' which is the earliest record of when Defendants published the First Photograph on their website. Rather than list out each individual date of alleged infringement, the First Amended Complaint simply includes screenshots of all three (3) alleged infringements within ¶ 33 thereof.

Notably, Defendants' confusion with respect to the alleged date of infringement of the Third Photograph appears to be feigned. Defendants are well-aware of when they published/displayed the Third Photograph. But even if they were somehow unaware, they need look no further than Exhibit "D" of the Complaint which contains full-page screenshots of each photograph comprising the Work as displayed on their website. The article containing the Third Photograph is dated October 13, 2014, thus removing any uncertainty as to the date of publication:



"[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); see also Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 514 (11th Cir. 2019)("When a complaint contains specific, well-pleaded allegations that either do not appear in the attached exhibit or that contradict conclusory statements in the exhibit, [the Court] credit[s] the allegations in the complaint."); Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc., No. 1:20-CV-4816- TCB, 2021 U.S. Dist. LEXIS 139224, 2021 WL 3121487, at *5 (N.D. Ga. July 23, 2021) ("To the extent any facts in the exhibit conflict with [plaintiff's] more general allegations, the exhibit controls.")."). For the sake of efficiency, there is no need for the Court to dismiss the First

Amended Complaint because the word 'beginning' is missing when Exhibit D makes clear the infringement date.

### III. Standing

Motions to dismiss based upon lack of standing "attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1)." Honeywell v. Harihar Inc, No. 218CV618FTM29MRM, 2018 U.S. Dist. LEXIS 203740, at *2 (M.D. Fla. Dec. 3, 2018). Such an attack "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Est. of Worrell v. Thang, Inc., No. 22-11009, 2024 U.S. Dist. LEXIS 11833, at *7 (E.D. Mich. Jan. 23, 2024). "A facial attack is a challenge to the sufficiency of the pleading itself." Id. In other words, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Lauren Moshi, Ltd. Liab. Co. v. Silverstein, No. CV 17-4435-R, 2017 U.S. Dist. LEXIS 230972, at *2-3 (C.D. Cal. Nov. 30, 2017). A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. Est. of Worrell v. Thang, Inc., No. 22-11009, 2024 U.S. Dist. LEXIS 11833, at *7 (E.D. Mich. Jan. 23, 2024). Essentially, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Lauren Moshi, Ltd. Liab. Co. v. Silverstein, No. CV 17-4435-R, 2017 U.S. Dist. LEXIS 230972, at *3 (C.D. Cal. Nov. 30, 2017).

Here, Defendant argues that the First Amended Complaint is insufficient to confer standing because the assertion that Plaintiff's acquisition of exclusive licensing rights, "without more," is inadequate.[4] Fundamentally, Defendant's argument is that the allegations in the First Amended Complaint are not enough to confer standing, ***not*** that the allegations themselves are outright false

---

4     See Motion, at p. 5.

and Defendant did not introduce any evidence to support such a claim. See Lauren Moshi, Ltd. Liab. Co., 2017 U.S. Dist. LEXIS 230972, at *3 ("'When the defendant raises a factual attack' ***by 'introducing evidence outside the pleadings,'*** the plaintiff 'must support her jurisdictional allegations with competent proof…'") (emphasis added). Accordingly, Defendant attacks the sufficiency of the Complaint itself not the truthfulness of the allegations and the attack is therefore facial. As such, the Court must take the material allegations of the Complaint as true and construed in the light most favorable to the nonmoving party. Thang, Inc., 2024 U.S. Dist. LEXIS 11833 at *7. Specifically, Defendant raises two (2) arguments to attack Plaintiff's standing: (a) Plaintiff has not alleged when it acquired sufficient rights and (b) Plaintiff fails to attach the agreement(s) which convey such rights to the First Amended Complaint.[5]  Each argument is addressed in turn.

First, given that Defendant is making a facial attack on standing, the allegations of the First Amended Complaint must be taken as true. Id.   Paragraph 29 of the First Amended Complaint plainly alleges:

> 29. For all times relevant to this action, Plaintiff has been appointed as the exclusive licensing agent and publisher of all copyright rights in and to the Work. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

Paragraphs 55 – 58 of the First Amended Complaint further allege:

---

[5]     Id. at pp. 5 – 6.

> 55. Each photographer at issue has entered into a written agreement with Plaintiff whereby such photographer transferred to Plaintiff the exclusive right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending. 17 U.S.C. § 106(3).
>
> 56. Such written agreements convey at least one of the exclusive rights set forth in 17 U.S.C. § 106.
>
> 57. Each of the written agreement provides sole and exclusive rights to Plaintiff to license the photographers' work at prices to be determined by Plaintiff.
>
> 58. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

These allegations, taken as true, firmly establish that Plaintiff has standing to pursue this action (as it would be a "chronological impossibility" for Defendant to gain access to the Work as a result of Plaintiff's reproduction/display of the Work… prior to Plaintiff having such exclusive right).

Even if the Court was inclined to look beyond the four-corners of the First Amended Complaint, Defendants' argument on standing fails. Defendants primarily cite Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc. 171 F. Supp. 3d 1303 (S.D. Fla. 2016) for the proposition that a copyright owner must have such status at the time of the alleged infringement to have standing to sue. Defendants' citation to Optima Tobacco Corp., however, is flawed and based on a misunderstanding of standing/copyright law. If the original owner of the Work conveys its exclusive rights to an assignor, then the cause of action arising from the infringement is transferred to the assignee. See World Thrust Films, Inc. v. Int'l Family Entm't, Inc., No. 93-0681-CIV, 1996 U.S. Dist. LEXIS 16631, at *11 (S.D. Fla. Aug. 1, 1996) ("[O]nce an owner …

exclusively licenses away those rights to another, the licensor loses standing to sue for infringement of those rights, **and only the licensee has standing to sue**.") (emphasis added). Essentially, so long as the Plaintiff held the right to institute a cause of action at the time of filing, then the Plaintiff has standing. *Contra* Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *25 (S.D. Fla. Aug. 27, 2010) (If Plaintiff did not have the right to sue for accrued infringements **at the time she filed this action**, she lacks standing to maintain this action.") (emphasis added).

Second, Defendants' 'failure to attach' argument does not merit serious discussion. As the Court knows, Plaintiff has no obligation to attach the written agreements with its photographers (or frankly any other document) to the First Amended Complaint. Lickerish, Ltd. v. Z Lifestyle, No. 18-80572-CIV-DIMITROULEAS, 2018 U.S. Dist. LEXIS 232750, at *6 (S.D. Fla. July 12, 2018) ("While Plaintiff may need to provide evidence of such a transfer to prove it has standing to enforce the copyrights, at this stage it need only *allege* ownership."); see also BWP Media USA Inc. v. S. Fla. Chronicle, Inc., No. 13-61976-CV, 2015 U.S. Dist. LEXIS 180719, 2015 WL 11181967, at *2 (S.D. Fla. Apr. 20, 2015) (rejecting argument that infringement plaintiff must attach copyright certificate to complaint). Accordingly, Defendant's contention that the Plaintiff lacks standing does not meet the applicable standards.

## IV.  Statute of Limitations

### A.  The 'Discovery Rule'

The Motion argues that, because this lawsuit was not brought within three (3) years of the first occurrence of Defendants' infringement, Plaintiff's infringement claim is barred by the applicable statute of limitations (17 U.S.C. § 507(b)). Simply put, Defendants are wrong. In arguing for application of an 'injury' rule, Defendants ignore that *every* court to consider this

matter in the Eleventh Circuit has applied a 'discovery' rule with respect to the statute of limitations – i.e., such begins to run on the earlier of Plaintiff's discovery of the infringement or when Plaintiff reasonably should have discovered the infringement. See, e.g. Johansen v. Modrak, No. 18-cv-63120-BB, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book "I Lisa Marie" and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his claim is 16 years too late.") (emphasis added); Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893, at 6 – 7 (S.D. Fla. Feb. 18, 2022) ("To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, ***the Southern District of Florida has consistently applied the discovery rule***, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.") (emphasis added); Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) ("Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise

of reasonable diligence, should have known about an infringement.'" (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun v. Lillenas Pub., 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned

that the defendant was violating his rights.") (collecting cases).

Defendants likewise fail to properly discuss the recent opinion from the Eleventh Circuit itself on this matter. In Nealy v. Warner Chappell Music, Inc., No. 21-13232, 2023 U.S. App. LEXIS 4703 (11th Cir. Feb. 27, 2023), the Eleventh Circuit confronted a Circuit split (between the 2nd Circuit and 9th Circuit) as to whether the statute of limitations bars recovery for acts of infringement occurring more than three years before the suit's filing. In finding that no such damages bar exists (therefore aligning itself with the 9th Circuit), the Eleventh Circuit re-affirmed that the discovery rule applies to copyright claims primarily concerning ownership – while relying on 17 U.S.C. § 507(b) (the only statute of limitations for copyright claims) to reach that conclusion. Although Nealy does not directly apply the discovery rule to an *infringement* action (Nealy was an infringement action but the sole remaining issue was ownership), it leaves little doubt as to whether some different analysis of discovery vs. injury rule should be applied when interpreting the *same* statute of limitations.

Notably, these cases are not an anomaly… the same analysis has been uniformly applied by the courts around the country. See, e.g., Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022):

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule,

> any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***[6]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 2021 DNH 26, 516 F. Supp. 3d 121, 132 (Jan. 28, 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir.

---

[6] Emphasis added.

2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

These courts have ***all*** held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases. There is no reason the Court should depart from the above-referenced legal authority and hold that copyright claims suddenly accrue immediately on the date of infringement. Here, the First Amended Complaint alleges: "Through its ongoing diligent efforts to identify unauthorized use of its photograph, Plaintiff discovered Defendants unauthorized use/display of the First Photograph on October 21, 2020, the Second Photograph on November 19, 2020, and the Third Photograph on November 16, 2020."[7] The First Amended Complaint was amended to include ten (10) additional paragraphs detailing Plaintiff's efforts to identify unauthorized uses/displays.[8] Accepting this allegation as true (as the Court must do at the motion to dismiss stage), there is no basis to dismiss the Complaint as barred by the statute of limitations.

### B. The Duty to Scour the Internet / Police Copyrights

Although the Motion suggests otherwise, "[c]opyright owners do not have a general duty to police their copyrights." PK Music Performance, Inc. v. Timberlake, No. 16-CV-1215 (VSB), 2018 U.S. Dist. LEXIS 169652, at *23 (S.D.N.Y. Sep. 30, 2018). In PK Music Performance, Inc., the defendant sought dismissal of a copyright infringement claim on the basis

---

[7] See First Amended Complaint, at ¶ 38.

[8] See First Amended Complaint, at ¶ 38 – 47.

that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not discover such until 2015 (some 8 years later).

Here, the Motion does not cite any 'storm warnings' or frankly *any* facts suggesting that Plaintiff somehow 'should have' discovered Defendants' infringement on an earlier date. Defendants also fail to provide any explanation as to *why* Plaintiff should have discovered the infringement on an earlier date – Defendants point to no facts suggesting that Plaintiff was somehow notified of the infringement (e.g., being 'tagged' in a social media post, being sent a copy of the article via e-mail, etc.) and ignored such notice. Nor do Defendants proffer that the article was even discoverable at an earlier date. Given that there is an estimated 1 billion websites with a new website being created every 3 seconds,[9] it is difficult to imagine how Plaintiff 'should have' discovered the subject infringement based solely on time alone. But that is precisely the argument proffered by the Motion – Plaintiff searches for infringements and thus must have been able to discover this infringement earlier. Of course, Defendants do not explain how/why Plaintiff was capable of discovering such infringement, whether any purported technology/reverse image searches would have discovered the infringement at an earlier date, etc. – nor could Defendants inject such matters at the motion to dismiss stage as the Court is limited to the 4 corners of the Complaint.

Notably, PK Music Performance, Inc. is not an anomaly – every court to consider the issue has held that a copyright owner is not required to scour the internet/search for potential infringements of his/her work. See, e.g. Parisienne v. Scripps Media, Inc., 2021 U.S. Dist. LEXIS 154960, at *12 (S.D.N.Y. Aug. 17, 2021) ("Parisienne does not have a general duty to police the

---

[9] See https://www.forbes.com/advisor/business/software/website-statistics/#:~:text=While%20there%20are%201.13%20billion,are%20actively%20maintained%20and%20visited; https://siteefy.com/how-many-websites-are-there/; https://www.internetlivestats.com/total-number-of-websites/.

internet for infringements of his Photographs. Nor has Scripps provided sufficient evidence or explanation for how Parisienne should have known about the alleged infringement, or been put on inquiry notice, between March 15, 2016 and September 21, 2016, when he retained counsel. Thus, the Court cannot dismiss Parisienne's copyright infringement claim as time barred.") (internal citations omitted); Fioranelli v. CBS Broad. Inc., 551 F. Supp. 3d 199, 251 (S.D.N.Y. 2021) ("I reject Defendants' argument that because the allegedly infringing works were published openly, Plaintiff had constructive notice.") (denying motion for summary judgment on basis that plaintiff 'should have' discovered infringement of its video footage earlier); Hirsch v. Rehs Galleries, Inc., No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020) (denying motion to dismiss photographer's copyright infringement claim on asserted basis that photographer 'should have' discovered the infringement earlier); Minden Pictures, Inc. v. Conversation Prints, LLC, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at *9 (E.D. Mich. Sep. 30, 2022) ("Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019."); Frerck v. John Wiley & Sons, Inc., No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, at *23 (N.D. Ill. July 14, 2014) ("Defendant claims that Plaintiff should have seen articles generally describing textbook publishers' copyright infringements of photographers' images and that such articles constitute 'storm warnings' triggering a duty to investigate Defendant's use of his work…. [A]n article identifying an issue in the publishing industry generally did not obligate Plaintiff to go through 19 years of licenses to preserve his copyright infringement claims. If that were the expectation, then stock photo agencies and photographers likely would spend more money monitoring their licenses than they receive from issuing licenses."); Design Basics, LLC v. Chelsea Lumber Co., 977 F. Supp. 2d 714, 725 (E.D.

Mich. 2013) ("The Court… rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit.").

Again, the First Amended Complaint in this lawsuit – the allegations of which the Court must accept as true – plainly states that through Plaintiff's ongoing diligent efforts to discover infringement of their work, Plaintiff did not discover the Defendants unauthorized use/display of the First Photograph until October 21, 2020, the Second Photograph until November 19, 2020, and the Third Photograph until November 16, 2020. The Court cannot – at this stage of the litigation – make factual determinations as to whether, with reasonable diligence, Plaintiffs could and should have discovered Defendants' infringement on an earlier date.  Given that Plaintiff does not have a general duty to scour the internet/police their copyrights, the Court at this stage would be required to inject its own knowledge about the vastness of the internet, the date(s) on which search engines such as Google index/find websites and the images thereon, the date(s) on which such search engines first found the subject photograph on Defendants' website, the efficacy of Plaintiff's diligent efforts to identify the subject infringement, etc. – ***none*** of which is proper on a motion to dismiss.  Defendants can certainly raise statute of limitations as an affirmative defense and proffer actual evidence in support thereof at the summary judgment stage – but it is wholly improper for Defendants to merely ***assume*** the defense at this stage.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) requiring Defendants to file its Answer to the Amended Complaint within 14 days of the denial of the Motion; and (c) for such further relief as the Court deems proper.

| | |
|---|---|
| Dated: February 13, 2024. | COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>meghan@copycatlegal.com<br><br>By: /s/ Daniel DeSouza<br>    Daniel DeSouza, Esq.<br>    Florida Bar No.: 19291<br>    Meghan A. Medacier, Esq.<br>    Florida Bar No.: 1035608 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza

Daniel DeSouza, Esq.