UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23959-JEM

OTTO ARCHIVE, LLC,

    Plaintiff,

v.

HAUTE RESIDENCES LLC,
and HAUTE LIVING INC.,

    Defendants.

_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, HAUTE RESIDENCES LLC and HAUTE LIVING INC. (the "**Defendants**"), by and through undersigned counsel hereby files this Reply In Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law and state as follows:

**I.    Plaintiff's Claim as to the Second Photograph Must be Dismissed**

As Plaintiff now admits that Defendants did not infringe the Second Photograph and the photograph on Defendants' website was "a different photograph altogether,[1]" its claims alleged in the Amended Complaint arising out of the Second Photograph must be dismissed with prejudice.

**II.    The Injury Rule Bar Plaintiff's Remaining Claims**

---

[1] ECF No. 24 at 3.

1

The crux of the parties' statute of limitations dispute hinges on whether the discovery rule or the injury rule determines the commencement of the statutory period for bringing of the instant matter. The Eleventh Circuit's decision in Nealy, as well as the Supreme Court's reasoning in Petrella, clearly demonstrate that the injury rule is the appropriate standard to apply in the present case.

Plaintiff's argument that "every court to consider this matter in the Eleventh Circuit has applied a 'discovery' rule with respect to the statute of limitations," *Id*. at 9, is misleading at best because Plaintiff's argument is entirely reliant on cases that predate the pivotal Eleventh Circuit decision in Nealy. Nealy was decided last year and the Eleventh Circuit has not decided the question of discovery rule versus injury rule since; and therefore, this Court should look to Nealy for guidance in the instant matter.

Plaintiff suggests Nealy stands for a uniform application of the discovery rule, however, this interpretation overlooks the nuanced distinction made in Nealy, where the Eleventh Circuit explicitly delineated the scope of the discovery rule to ownership disputes, thereby carving out an explicit domain for the injury rule in copyright infringement claims that do not pertain to ownership. *See Nealy v. City of Miami Beach*, 133 F.3d 1329, 1330 (11th Cir. 2023) (holding "the copyright statute of limitations runs from the day that a claim accrues. And there are two recognized rules for determining that date: the discovery rule and the injury rule").

Nealy's ruling aligns with the Supreme Court's rationale in P*etrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663, 134 S.Ct. 1962 (2014), where the Court affirmed that a copyright plaintiff's claim accrues at the moment the infringement occurs, irrespective of the plaintiff's discovery of such infringement. The Petrella Court emphasized that "the copyright statute of limitations commences to run from the moment of infringement," Petrella at 670. This principle directly supports the application of the injury rule in the instant case. This interpretation is not only aligned with the letter of the law, but also with the equitable considerations that underpin copyright

2

jurisprudence. This approach incentivizes copyright owners to monitor and protect their rights proactively. While the separate-accrual rule, a part of the injury rule, further ensures that ongoing or repeated infringements do not escape liability.

Finally, Plaintiff correctly notes that the Nealy decision does not explicitly extend the discovery rule to general infringement actions. *See* ECF No. 24 at 11. However, their inference—that Nealy implicitly endorses the discovery rule for all infringement cases based on its analysis under 17 U.S.C. § 507(b)—misreads the decision's scope and intent. Nealy's core examination focused on discerning whether the dispute at hand pertained primarily to copyright ownership or constituted a straightforward case of infringement. Nealy at 1330 ("There are two recognized rules for determining [the accrual] date: the discovery rule and the injury rule. Under the discovery rule, a claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights. …Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it.")(internal citations omitted). This distinction was pivotal because it directly influenced the choice between the discovery and injury rules as the appropriate mechanism for determining the relevant accrual date of the action.

To suggest, as the Plaintiff does, that Nealy would uniformly apply the discovery rule across both ownership and non-ownership disputes misinterprets the Court's deliberate differentiation between these scenarios. Such a reading would negate the essence of Nealy's analysis and its explicit guidance on the application of these two distinct rules. The Court's approach was methodical, aiming to clarify when each rule should be employed based on the nature of the copyright dispute. Therefore, asserting that Nealy indiscriminately supports the discovery

3

rule for all infringement actions overlooks the critical distinction made by the Court between different types of copyright claims.

In other words, Nealy determined whether the dispute was mere infringement or rooted in ownership ***because*** that determination would dictate whether the discovery rule or the injury rule applied to the matter before it. In finding the crux of the dispute was in ownership, the Court applied the discovery rule. If the Court would have applied the discovery rule in both cases, that would undermine the entire rationale behind the Court's analysis.

In light of the foregoing analysis, it is clear that the Eleventh Circuit's ruling in Nealy, supported by the Supreme Court's decision in Petrella, mandates the application of the injury rule to the present copyright infringement action. This interpretation not only adheres to the statutory framework but also promotes the underlying policy goals of copyright law, including the encouragement of prompt and responsible enforcement actions by copyright holders.

Given that the alleged infringements in question occurred in July 2012, and the action was not brought until October 2023, well over ***11 years later***, Plaintiff's claim is unequivocally time-barred under the three-year statute of limitations dictated by the injury rule. This conclusion is inescapable when considering the explicit language and legal reasoning presented in both Nealy and Petrella. Plaintiff's delayed pursuit of claims, significantly beyond the prescribed statutory period, necessitates the dismissal of the Amended Complaint for lack of timeliness.

Therefore, Defendants respectfully request that this Court grant Defendant's Motion to Dismiss the Amended Complaint as time-barred.

### III. Nealy is Binding

This Court, situated within the Eleventh Circuit's jurisdiction, is unequivocally bound by the precedents set forth by the Eleventh Circuit. *See McGinley v. Houston*, 361 F.3d 1328, 1331

(11th Cir. 2004) (firmly establishing that "a circuit court's decision binds the district courts sitting within its jurisdiction."). Thus, the Eleventh Circuit's opinion in *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023), is authoritative and binding on this case.

While Plaintiff argues for the continued applicability of the discovery rule within the Southern District of Florida, it is imperative to recognize that these citations reflect a jurisprudential stance predating the decisive ruling in Nealy. Plaintiff's advocacy for the discovery rule's applicability, underscored by their citation of outdated case law, *see* ECF No 24 at 15-17, neglects the progression marked by Nealy. Specifically, this reliance on antecedent jurisprudence fails to recognize the clear distinction established in Nealy between the discovery rule's applicability to ownership disputes and the broader application of the injury rule. This oversight necessitates a reevaluation and adherence to Nealy's guidance, rendering the Plaintiff's reliance on outdated case law insufficient to contest the injury rule's applicability.

Further, Plaintiff's reference to case law from outside the Eleventh Circuit, *see* ECF No. 24 at 11-13, holds little weight in this jurisdiction. The Southern District of Florida, bound by Eleventh Circuit precedent, must follow the rulings articulated in Nealy. Also, the absence of a direct comparison between the facts of the cited cases and those of the instant case further diminishes the relevance of Plaintiff's argument, weakens their position, and emphasizes the need for this Court to align with Eleventh Circuit precedent.

This result would not be contrary to the statutory law. Pursuant to 17 U.S.C. § 507, a civil copyright action must commence within three years of the claim's accrual. Nealy provides clarity on how to calculate the accrual date, delineating the circumstances under which a claim accrues either through the discovery rule, where a claim accrues upon the plaintiff's awareness or when a reasonable person should have become aware of the infringement, or through the injury rule, where

a claim accrues at the infringement moment, independent of the plaintiff's discovery. This bifurcation is crucial, as Nealy specifies the discovery rule's application to ownership dispute-centric cases, whereas the injury rule applies more broadly.

Given these considerations, Nealy's ruling is not only binding but also directly relevant to the instant case. Plaintiff's efforts to base their argumentation on superseded case law and irrelevant jurisprudence from other circuits do not diminish Nealy's legal authority or applicability. Therefore, this Court is compelled to follow the Eleventh Circuit's legal framework, applying the injury rule to this case, as the central issue does not revolve around an ownership dispute. This adherence ensures compliance with copyright law's statute of limitations, fostering a timely and equitable resolution.

## CONCLUSION

WHEREFORE, Defendants HAUTE RESIDENCES LLC, and HAUTE LIVING INC., respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiff, OTTO ARCHIVE LLC's, Amended Complaint with prejudice, and for any further relief this Court deems just and proper.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: */s/ Terri Ellen Tuchman Meyers*
**Terri Ellen Tuchman Meyers, Esq.**
Florida Bar No. 881279
tmeyers@klugerkaplan.com
**Danella C. Williams, Esq.**
Florida Bar No. 1002672
dwilliams@klugerkaplan.com
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000